# Order

Michigan Supreme Court
Lansing, Michigan

October 23, 2009

137805

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellee,

v

CHRISTOPHER BOTELLO,
            Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 137805
COA: 286814
Saginaw CC: 03-023198-FH;
                    04-024045-FH

On order of the Court, the application for leave to appeal the November 10, 2008 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

YOUNG, J. (*concurring*).

Because I conclude that defendant is not entitled to the relief that he seeks—an additional 142 days of jail credit—I concur in the denial of leave to appeal. I write only to respond to Chief Justice Kelly's mischaracterization of the relevant issues in this case.

In 2003, defendant was sentenced to three years of probation for retail fraud, with the first year to be served in jail. Defendant subsequently escaped from jail and was later arrested for the escape on January 5, 2004. On May 27, 2004, defendant was sentenced to two years of probation with nine months in jail, to be served consecutively with the remainder of his retail fraud term. After his release from jail, but while still on probation for both offenses, defendant pleaded guilty to violating probation. He was sentenced to two concurrent prison terms for the underlying offenses for which he was on probation at the time, and the trial court subsequently amended the sentence to make the prison terms consecutive. Defendant appealed this resentencing, arguing in his original brief to the Court of Appeals that "[b]ecause of the change from concurrent to consecutive sentencing, [the] Court should remand Mr. Botello's case for a full resentencing." Both the Court of Appeals and this Court had previously denied leave to appeal the trial court's sua sponte resentencing. *People v Botello*, 480 Mich 1138 (2008). Defendant subsequently filed a motion seeking clarification of his jail credit, which the trial court

denied. He now appeals the trial court's ruling on *that* motion, arguing to this Court that he is not receiving his appropriate amount of jail credit.

Chief Justice Kelly questions the validity of defendant's current sentence, and in doing so appears to be resuscitating defendant's challenge in his previous application for leave to appeal that he must be resentenced. This case, however, only concerns the amount of jail time credit he is entitled to while serving his current sentence, and the lower courts have correctly decided this issue. Defendant received 344 days credit for his retail fraud sentence and 227 days credit for his escape sentence.

Defendant believes that he is entitled to additional credit for the time between January 5, 2004, when he was incarcerated after his arrest for violating the terms of his probation for retail fraud and for escaping from prison, and his sentencing on May 27, 2004. The amount of time credited toward his retail fraud sentence, however, specifically included this time. Defendant is not entitled to credit on his escape sentence. MCL 750.195(2) provides that a person convicted of escape from prison "shall be imprisoned for the unexpired portion of the term of imprisonment the person was serving at the time of the violation, and any term of imprisonment imposed for the violation of this subsection shall begin to run at the expiration of that prior term of imprisonment." Under the plain terms of this statutory provision, defendant was required to serve his entire jail sentence for retail fraud before beginning to serve his jail sentence for escape.

Because this jail credit issue is the only issue before us, I concur in denying leave to appeal. Defendant has already appealed the validity of the trial court's sua sponte decision to resentence him. Moreover, the defendant has *conceded* the trial court's interpretation of MCL 750.195(2), thereby accepting that the trial court properly amended his sentences to make them consecutive.[1] Thus, defendant's claim on *this* appeal has no merit and Chief Justice Kelly has inappropriately, in my opinion, attempted to revive a stale claim made in defendant's prior appeal and done so even though the defendant has conceded the issue she raises.

CORRIGAN, J., joins the statement of YOUNG, J.

KELLY, C.J. (*dissenting*).

I dissent from the Court's order denying defendant's application for leave to appeal. Because the trial court improperly amended defendant's judgment of sentence, I would remand this case to the trial court for reinstatement of the original judgment of sentence.

---

[1] Defendant has argued to the Court of Appeals that he is entitled to a full resentencing hearing when "a judge mistakenly impos[es] a concurrent sentence when it should have been consecutive."

Defendant violated the terms of his probation for retail fraud by escaping from jail. He served a jail sentence for his escape conviction, consecutively to his remaining jail term for his retail fraud offense. He was thereafter placed back on probation for both the retail fraud and escape offenses. When he violated the terms of his probation again, the trial court sentenced him to concurrent prison terms for the retail fraud and escape charges.

The trial judge later received a letter from the Michigan Department of Corrections indicating that the escape sentence should be served consecutively to the retail fraud sentence. On his own motion, the trial judge amended defendant's judgment of sentence accordingly without giving the parties notice or an opportunity to be heard. Defendant successfully petitioned the trial court for resentencing, but the court re-imposed the same consecutive sentence without issuing a new judgment.

Defendant's original judgment of sentence imposing concurrent sentences was correct. MCL 750.195(2)[2] required defendant to serve his jail sentence for escape consecutively to his jail sentence for retail fraud. That he did. However, MCL 750.195(2) does not require subsequent *prison* sentences for probation violations to be consecutive. Thus, the amended judgment of sentence under which defendant is now imprisoned is invalid for two reasons. First, it was imposed sua sponte by the trial court after final judgment had entered and without the parties being given notice and an opportunity to be heard, a violation of MCR 6.435(B). Second, in violation of MCR 6.429(A), the trial court modified a sentence that was valid when entered. Moreover, as we explicitly held in *People v Holder*, 483 Mich 168 (2009), a trial court may not sua sponte amend an otherwise valid judgment of sentence.

Contrary to Justice Young's assertion, I am not "attempt[ing] to revive a stale claim made in defendant's prior appeal . . . ." Defendant did not previously appeal the trial court's resentencing on *Holder* grounds. Nor did he appeal the substantive sua sponte change to his sentence under MCR 6.435(B). This is likely attributable to the

---

[2] MCL 750.195(2) provides:

> A person lawfully imprisoned in a jail for a term imposed for a felony who breaks jail and escapes, breaks jail though an escape is not actually made, escapes, leaves the jail without being discharged from the jail by due process of law, or attempts to escape from the jail, is guilty of a felony. A person who violates this subsection shall be imprisoned for the unexpired portion of the term of imprisonment the person was serving at the time of the violation, and any term of imprisonment imposed for the violation of this subsection shall begin to run at the expiration of that prior term of imprisonment.

fact that the trial court re-imposed the same consecutive sentence without actually issuing a new judgment that could be appealed.

By denying leave to appeal, a majority of the Court is allowing a judgment of sentence that is in direct conflict with our court rules. That majority also fails to follow our recently established precedent in *Holder*. Even more troubling is the fact that the majority allows the trial court's amendment of defendant's judgment of sentence—an amendment never sought by the prosecutor—to remain intact. At the same time, it fails to afford defendant an opportunity to substantively challenge the merits of the amendment.

I would remand the case to the trial court for reinstatement of defendant's original judgment of sentence.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 23, 2009

d1020

Clerk